## FRANKLIN C. OLIVER ET AL.
### v.
## CAROLINE E. COCHRAN.

1. OBJECTION MADE TOO LATE.—The objection that the action should have been in the name of the heir instead of the administratrix, urged for the first time in this court upon the second trial here, comes too late.

2. FORMER ADJUDICATION.—Whatever effect the decree, which, it is u ged, was a former adjudication of the subject-matter of this suit, might have upon the individual rights of defendant in error, it could have none upon those of the estate she represents in the present controversy.

3. PLEADING.—Pleas to the jurisdiction of the court, the disability of the plaintiff or defendant, must preclude all pleas to the action itself in bar thereof.

4. PLEADING—RAISING QUESTION OF INTESTATE'S DOMICILE.—If a defendant wishes to go further than a mere denial of the grant of administration and raise the question of the domicile of the intestate at the time of his death, it can only be done by a special plea setting fo.th the facts.

ERROR to the Circuit Court of Ford county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 25, 1886.

Mr. L. E. PAYSON, for plaintiff in error.

Messrs. TIPTON & BEAVER, for defendant in error.

CONGER, J. On the 18th day of January, 1856, Franklin Oliver, by a written contract of that date, sold to James O.

Walker twenty acres of land for $1,300. The contract acknowledges the receipt of $500 of the purchase money, and provides that the balance, $800, was to be paid in a few days, and upon its payment Oliver agreed to make said Walker "a good and sufficient deed in terms of general warranty." The $500 was paid at that time, and the balance some time before the death of James C. Walker, which occurred March 12, 1859. On the 8th of February, 1865, Oliver and wife conveyed the same land to one Nathan Simmons, an innocent purchaser, and on the 7th day of August, 1877, this action of assumpsit was brought by Mertys E. Walker, as heir at law of James C. Walker. In 1879 an amended declaration was filed in the name of defendant in error, Caroline E. Cochran, as administratrix of the estate of James C. Walker deceased, and since then the suit has proceeded in her name as such administratrix. The amended declaration contains the common counts, and also a special count setting out *in hœc verba* the written agreement, the payment in full of the purchase money, the conveyance to Simmons, the failure to convey to Walker in his lifetime, or to his heirs since his death, whereby the land became wholly lost to Walker's estate, and averring that by means thereof defendant became liable to pay the $1,300, etc.

To this declaration there were filed the following pleas : 1. General issue upon which issue was joined. 2. That plaintiff is not the administratrix of the estate of James C. Walker, deceased, and issues joined thereon. 3. Statute of Limitations of sixteen years. 4. Statute of Limitations of five years. 5. Special plea: That claim of plaintiff to act as administratrix is based on assumed appointment by County Court of McLean county, which issued letters to her April 8, 1859, on this state of facts : that J. C. Walker was a resident of and died at Vermilion county, Illinois, March 12, 1859 ; that the only petition for letters, and on which the court acted, recited the fact that he so died at Vermilion county; that the letters issued to plaintiff recited the fact that J. C. Walker, the intestate, was, at the date of his death, of Vermilion county, and so not of McLean county.

Further avers: That the record of her appointment does not show that the court found, as a fact, that Walker was a resident of, or died at McLean county, Illinois; that plaintiff's sole claim to act is under said supposed appointment, and that the County Court of McLean county has no jurisdiction to grant letters in that estate, and so she is not the legal administratrix, etc.

To the special plea a general demurrer was filed and sustained by the court. The trial was by the court, a jury having been waived, and judgment rendered for appellee for $1,300.

All questions arising upon the pleas of statutes of limitation are settled by the former decision of this case reported in 7 Bradwell, 176.

The first point relied upon by plaintiff in error for a reversal is, that the contract sued on was a chattel real, and for that reason suit should have been brought by the heirs of James C. Walker, instead of his administratrix.

Whatever of merit there might be in this objection had it been raised at the proper time, we think it can not avail plaintiff in error now. The amended declaration filed by the defendant in error as administratrix set forth the contract at large, thereby notifying plaintiff in error expressly of the grounds upon which she was relying for a recovery, to which, as before stated, the plea of general issue, and other pleas were filed, but none of them raised this question. No objection at any time was made to the introduction of the evidence upon this ground, and in that shape the case has once before been passed upon by this court without the slightest intimation that we can discover in the record as presented to us, or in the former opinion of this court, that the objection now so forcibly urged was pressed upon the attention of the court below.

If, as counsel now insist, the action should have been in the name of the heir, upon which we express no opinion, the error could have been corrected at once, at any time before final judgment, by an amendment to the declaration.

" If a party will be silent on the occurrence of a mistake

that can be corrected on the instant, should the attention of the court be called to it, one that in no wise affects the merits of the controversy, he ought to be foreclosed of his right to assign it for error on an appeal to this court." Bowden v. Bowden, 75 Ill. 112.

The second point relied upon for reversal, is, that there was a former adjudication of the, subject-matter of this suit to which defendant in error was a party and by which she is bound.

The proof relied upon to sustain this position is the record of a suit brought in 1874 by the Home Insurance Company to foreclose a mortgage given by Nathan Simmons, in 1865, to secure a portion of the purchase money for the same land previously contracted to Walker. This mortgage having passed into the possession of said company by assignment, a bill was filed praying for the usual decree of foreclosure and making Caroline E. Cochran, the defendant in error, with many other parties, defendants thereto.

To this bill a cross-bill was filed by Moses Walker, the brother of James C. Walker, deceased, setting up that he was interested jointly with his brother in the purchase of the twenty acres from Oliver; that they were in possession of said land at the time it was sold by Oliver to Simmons; that Simmons had notice of their rights; and asking that a decree be entered that all parties claiming an interest in the land be compelled to convey to himself and the heirs of James C. Walker, deceased.

To this cross-bill Oliver and the insurance company filed answers denying the allegations therein contained, and Mertys E. Walker answered admitting their truth.

Whereupon a decree was entered foreclosing the mortgage as prayed in the original bill, dismissing the cross-bill, and finding against the allegations contained in it.

Defendant in error, not in her present representative capacity as administratrix, but as an individual only, was made a defendant to the original bill, and being a non-resident, service was had upon her by publication, and she was defaulted. She does not appear to have been made a defendant to

the cross-bill, but if the general language used can· be regarded as including her, she never answered it, was not required to do so by any order of the court, nor was any default entered against her for not doing it.

Under the circumstances Caroline E. Cochran, even in her individual capacity, could only be bound by so much of the decree as was based upon the original bill for foreclosure, and not that part founded. upon the side issue injected into the case by the cross-bill, to which an answer was never required, or made.

Again, whatever effect the decree might have upon her individual rights, it could have none upon those of the estate she represents in the present controversy. These rights would be quite different. We are therefore of opinion that the decree offered in evidence does not bar defendant in error, as administratrix, from asserting in the case at bar the rights of Walker's estate.

It is finally urged that the court below erred in sustaining the demurrer to the special plea of No. 5.

This was a plea to the disability of the plaintiffs, and could not be pleaded after the· general issue.   It seems hardly necessary to refer to the well established rule that pleas to the jurisdiction of the court of the disability of the plaintiff or defendant, must preclude all pleas to the action itself in bar thereof, "because such subsequent plea admits that there is no foundation for the former, and precludes the defendant from availing himself of the matter, as when the defendant pleads to the person of the plaintiff he admits the jurisdiction of the court; and when the defendant pleads to the court he admits the plaintiff is able to sue him and the defendant to be sued, and after a *plea in bar* to the action the defendant cannot plead in abatement, unless for new matter arising after the commencement of the suit." Chitty Pl., 440.   "The plaintiff's character of executor or administrator should be proved, except when it is admitted by the defendant's plea, as non-assumpsit, etc." 1 Saunders on Pl. and Ev., 1125.

The plea was improperly filed, and the better method of dealing with it would have been to enter a motion to strike

it from the files, but the same result substantially was accomplished by sustaining the demurrer.

The same is true of the second plea; but issue having been joined upon it by the defendant in error, it simply put in issue the granting of the letters as alleged in the declaration, and the introduction of the letters issued by the County Court of McLean county was sufficient proof of that issue; for if the defendant wished to go further than a mere denial of the grant of administration, and raise the question of the domicile of the intestate at the time of his death, it could only be done by a special plea setting forth the facts. "If he contends the intestate did not live in the diocese at the time of his death, he should plead it specially, and the mere denying the grant of administration to plaintiff will not suffice." 1 Saunders' Pl. and Ev., 1121.

Such a plea was filed as we have seen, and had it been pleaded at the proper time, before a plea in bar had been filed, or had defendant in error joined issue upon it, as she unnecessarily did upon the second, the question sought to be presented of the domicile of the intestate at the time of his death would have been properly before us for consideration.

Finding no substantial error in the record, the judgment of the circuit court will be affirmed.

Affirmed.